## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 11 Dupont Circle, N.W., Suite 900 Washington, DC 20036-1202, <br><br> and <br><br> STEPHEN ABRECHT, RODERICK S. BASHIR, CHRISTOPHER BOUVIER, KEVIN J. DOYLE, DAVID A. STILWELL, THOMAS LaMARTINA, STEVEN W. FORD, LARRY T. SMITH FRANK A. MAXSON, EDWARD J. MANKO, JOHN J. SHERIDAN, AND MYRIAM ESCAMILLA, TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 11 Dupont Circle N.W., Suite 900 Washington, DC 20036-1202 <br><br> *Plaintiffs,* <br><br> v. <br><br> FAIR HAVENS CENTER, LLC 201 Curtiss Parkway Miami Springs, FL 33166 <br><br> Registered Agent for Service: Incorp Services, Inc 17888 67th Court North Loxahatchee, FL 33470 <br><br> *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No: 1:14-cv-1979 |

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, SURCHARGES, INTEREST, LIQUIDATED DAMAGES, REMITTANCE REPORTS, ATTORNEYS FEES AND COSTS**

**Introduction, Jurisdiction and Venue**

1.        This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, Pension Protection Act surcharges, interest, and liquidated damages owed by Defendant and to enforce Defendant's contractual and statutory obligations to provide remittance reports.

2.        Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c).  Jurisdiction also lies under 28 U.S.C. § 1331.

3.        Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

**Parties**

4.        Plaintiff Service Employees International Union National Industry Pension Fund (the "SEIU Pension Fund"), is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. § 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible participants.  The SEIU Pension Fund is, and at all times material herein, has been a jointly administered trust fund established pursuant to

Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  The SEIU Pension Fund is administered at 11 Dupont Circle, N.W., Suite 900, Washington, D.C. 20036.

5.        Plaintiff Trustees of the SEIU Pension Fund, Stephen Abrecht, Roderick S. Bashir, Christopher Bouvier, Kevin J. Doyle, David A. Stilwell, Thomas E. LaMartina, Steven W. Ford, Larry T. Smith, Frank A. Maxson, Edward J. Manko, John J. Sheridan, and Myriam Escamilla are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund.  Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

6.        Defendant Fair Havens Center, LLC ("Fair Havens" or "Defendant") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

7.        Defendant Fair Havens is a limited liability corporation organized under the laws of the State of Florida with a principal address of 201 Curtiss Parkway, Miami Springs, Florida 33166.

## **Factual Background**

8.        At all relevant times, the Service Employees International Union, SEIU Florida Health Care Union ("the Union") has been the exclusive bargaining representative for all bargaining unit employees employed by Fair Havens.

3

9.      Fair Havens and the Union agreed to a collective bargaining agreement with a initial term of September 1, 2005 through August 31, 2008 ("2005 CBA"). A true, correct and complete copy of the relevant 2005 CBA is attached as Plaintiffs' Exhibit 1.

10.     Under Article 25, Section 1 of the 2005 CBA, Fair Havens agreed to continue as a participating employer in the SEIU Pension Fund through the term of the 2005 CBA.  Pursuant to Article 25, Section 2 of the 2005 CBA, beginning September 1, 2005, Fair Havens was required to pay pension contributions in the amount of $0.20 per hour for all covered employees. Pursuant to Article 25, Section 3 of the 2005 CBA, Fair Havens was required to remit the contributions for each pay period to the SEIU Pension Fund with a remittance statement showing the name of each employee for whom contributions were made.

11.     On September 20, 2010, Fair Havens and the Union signed a Contract Extension agreement to extend the term of the 2005 CBA from its August 31, 2008 end date through March 31, 2011.  A true, correct and complete copy of the relevant Memorandum of Agreement is attached as Plaintiffs' Exhibit 2.

12.     On knowledge and belief, from April 1, 2011 to September 8, 2012, Fair Havens adopted by conduct an agreement to continue contributing to the SEIU Pension Fund in the amount of $0.20 per hour for all covered employees by intending to continue being bound by the terms of the 2005 CBA, continuing to pay contributions to the SEIU Pension Fund, and submitting written remittance reports to the SEIU Pension Fund specifying the contributions to be made.  During that time period, Defendant submitted certain payments and remittance forms to the SEIU Pension Fund in a manner consistent with the conduct of a participating employer.

13.     Fair Havens and the Union next agreed to a collective bargaining agreement with a term of September 9, 2012 through September 8, 2015 ("2012 CBA").  A true, correct and complete copy of the relevant 2012 CBA is attached as Plaintiffs' Exhibit 3.

14.     Under Article 25, Section 1 of the 2012 CBA, Fair Havens agreed to continue as a participating employer in the SEIU Pension Fund through the term of the 2012 CBA.  Pursuant to Article 25, Section 2 of the 2012 CBA, Fair Havens is required to continue paying pension contributions in the amount of $0.20 per hour for all covered employees.  Pursuant to Article 25, Section 3 of the 2012 CBA, Fair Havens is required to remit the contributions for each pay period to the SEIU Pension Fund with a statement showing the name of each employee for whom contributions were made.

15.     Fair Havens is obligated to make contributions to the SEIU Pension Fund under the terms of its CBAs and other agreements and pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

16.     By submitting reports and contributions, Defendant agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement").  A true and correct copy of the Trust Agreement is attached hereto as Plaintiffs' Exhibit 4.  Pursuant to Section 3.1 of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions.  *See* Exhibit 4 at

5

Section 3.1.  Accordingly, Defendant is obligated to remit contributions to the SEIU Pension

Fund in accordance with the collection policies adopted by the Trustees.  A true and correct copy

of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is

attached as Plaintiff's Exhibit 5.

17.     At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement

and Section 5 of the Collection Policy provide that an employer must submit complete

remittance reports to the SEIU Pension Fund with the employer's contributions.  The remittance

report must contain the names of each covered employee and the number of compensable hours

for each employee during the reporting month.  *See* Plaintiffs' Exhibit 4 & 5.

18.     For the period of January 2008 through March 2008 and the month of August

2011, Defendant failed to remit any contractually required remittance reports and contributions.

19.     Because no reports have been remitted to the SEIU Pension Fund for the

abovementioned period, the amount of money due from Defendant to the SEIU Pension Fund is

unknown and cannot be ascertained without an accounting of the number of compensable hours

for each covered employee of Defendant during the reporting months.

20.     Defendant is also delinquent in contributions amounting to $12,857.97 for certain

months between January 2008 and June 2014 and $6,271.18 for PPA surcharges[1] owed for

certain months between May 2009 and May 2010.  In addition, Fair Havens owes $8,758.05 in

interest and $3,543.73 in liquidated damages on previously late paid contributions.

---

[1] The provisions of the Pension Protection Act of 2006, Pub. L. 109-280 (2006) ("PPA"), are explained in paragraph 24 and 25, *infra.*

21.     At all relevant times, Section 3.2 of the Trust Agreement and Section 5 of the

Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU

Pension Fund is liable interest at the rate of ten percent (10%) per annum, liquidated damages at

the greater of the interest on delinquent contributions or 20 percent (20%) of the delinquent

contributions, and attorneys' fees and costs.

22.     Prior to commencing this lawsuit, the SEIU Pension Fund contacted Fair Havens

in an attempt to obtain the outstanding remittance reports and contributions.  Notwithstanding

this communication, Defendant has failed to remit the required reports or make payment on the

amounts due.  There is little prospect that, lacking judicial compulsion, Fair Havens will conduct

the accounting, satisfy its obligations to the SEIU Pension Fund, and remit the delinquent and

unpaid contributions, liquidated damages, and interest due on the delinquent and unpaid

contributions.

23.     Pursuant to the Pension Protection Act of 2006, Pub. L. 109-280 (2006) ("PPA"),

the SEIU Pension Fund was determined to be in critical status for the plan years beginning

January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, and

January 1, 2014.  Participating employers in the SEIU Pension Fund were notified of this status

via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013

and April 30, 2014.  Copies of these letters are attached as Plaintiffs' Exhibit 6.

24.     For plans in critical status, the PPA requires that all contributing employers pay to

the plan a surcharge to help correct its financial situation.  The amount of the surcharge is equal

to a percentage of the amount an employer is otherwise required to contribute to the plan.  For

7

the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a Collective Bargaining Agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer.  Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009.  A copy of this letter is attached as Plaintiff's Exhibit 7.  Under the Rehabilitation Plan, participating employers are required to pay supplemental contributions to the SEIU Pension Fund under either the Default or Preferred Schedule of the Rehabilitation Plan.

25.     On October 29, 2010, Fair Havens and the Union elected that Fair Havens would make supplemental contributions to the SEIU Pension Fund under the Preferred Schedule of the SEIU Pension Fund's Rehabilitation Plan and that this election would be retroactive to June 1, 2010.  A true, correct and complete copy of the Preferred Schedule election is attached as Plaintiffs' Exhibit 8.

## COUNT I

26.     Plaintiffs reallege and incorporate Paragraphs 1 through 25.

27.     Pursuant to Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, Fair Havens is delinquent to the SEIU Pension Fund for owed reports, contributions, and PPA surcharges due to its failure to make the required and proper payments.

28.       For the period of January 2008 through March 2008 and the month of August 2011, Defendant failed to remit contractually required remittance reports and contributions.

29.       The SEIU Pension Fund has additionally determined that Defendant owes $31,430.93, comprised of $12,857.97 in delinquent contributions for certain months between January 2008 and June 2014, $6,271.18 in PPA surcharges for certain months between May 2009 and May 2010, and $8,758.05 in interest and $3,543.73 in liquidated damages on previously late paid contributions.

30.       Pursuant to Article 25 of the 2005 and 2012 CBAs, the Contract Extension, the agreement adopting extension of the 2005 CBA's terms by conduct, and the SEIU Pension Fund's Trust Agreement and the Collection Policy, Fair Havens owes interest in the amount of 10% and liquidated damages in the amount of 20% on all unpaid contributions.  Under the governing documents, the SEIU Pension Fund is also entitled to recover its reasonable attorneys' fees and costs.

31.        Fair Havens' failure to timely submit remittance reports and pay the required contributions, surcharges, interest, and liquidated damages has caused irreparable harm to the Plaintiffs and their plan participants and allowing Fair Havens to do so creates an atmosphere in the industry encouraging other employer to do the same.

32.       Pursuant to Sections 502(g) and 515 of ERISA, 29 U.S.C. §§ 1132(g) and 1145, Plaintiffs are entitled to a judgment in their favor for the unpaid contributions, unpaid surcharges required under the PPA, interest on the unpaid contributions, liquidated damages in the amount

of 20 % of the unpaid contributions, reasonable attorney's fees and costs, and such other legal or equitable relief as the court deems appropriate.

     **WHEREFORE**, Plaintiffs respectfully request that the Court issue an order against Defendant Fair Havens granting the following relief:

     1.    Declare that Fair Havens has violated its CBAs and agreements with the Union by failing to remit required reports and contributions to the SEIU Pension Fund;

     2.    Enter judgment on behalf of the SEIU Pension Fund for delinquent contributions, Pension Protection Act surcharges, interest, and liquidated damages, totaling $31,430.93;

     3.    Order  Fair Havens to conduct an accounting for all past-due contributions and to provide remittance reports to the SEIU Pension Fund for the time period of January 2008 through March 2008 and the month of August 2011, including additional reports which may become due during the pendency of this action;

     4.    Enter judgment on behalf of the SEIU Pension Fund against Fair Havens for additional delinquent contributions and contribution surcharges required under the PPA, including amounts which may become delinquent during the pendency of this action, in an amount to be determined once Fair Havens conducts the accounting and provides the SEIU Pension Fund with the delinquent remittance reports;

     5.    Enter judgment for interest at a rate of 10 percent (10%) per annum on all past-due contributions, in an amount to be determined once Fair Havens provides the SEIU Pension Fund with the delinquent remittance reports;

6.      Enter judgment for liquidated damages at the greater of the interest on the

delinquent contributions or 20 percent (20%) of the delinquent contributions, in an amount to be

determined once Fair Havens provides the SEIU Pension Fund with the delinquent remittance

reports;

7.      Enter judgment for Plaintiffs' attorneys' fees and costs, as required by Section

502(g) of ERISA;

8.      Retain jurisdiction of this case pending compliance with its Orders; and

9.      Grant such further relief as the Court may deem appropriate.

Respectfully Submitted,


___/s/__Olga Metelitsa_____

Olga Metelitsa (DC Bar No. 1016248)
Mooney, Green, Saindon, Murphy
  & Welch, P.C.
1920 L Street, N.W. Suite 400
Washington, D.C.  20036
(202) 783-0010
ometelitsa@mooneygreen.com

*Counsel for Plaintiffs*


Date: November 22, 2014